**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**POUGHKEEPSIE DIVISION**

-----------------------------------------------------------------X
In re

JON MICHAEL PATERNO & LOUISE REGINA        CHAPTER 13
PATERNO                                                              CASE NO. 17-36210 (CGM)

                    Debtors
-----------------------------------------------------------------X
JON MICHAEL PATERNO & LOUISE REGINA
PATERNO

                    Plaintiffs
                                                                          **ADV. PRO. NO.17-_____(CGM)**
         -against-

US BANK TRUST, N.A, AS TRUSTEE FOR LSF9
MASTER PARTICIPATION TRUST AND
CALIBER HOME LOANS, INC.,

                    Defendants
-----------------------------------------------------------------X

**COMPLAINT**
**COMPLAINT FOR A DECLARATORY JUDGMENT DECLARATORY JUDGMENT
VOIDING A LIEN PURSUANT TO 11 U.S.C. § 506; OBJECTION TO PROOF OF
CLAIM FILED PURSUANT TO FRBP 3004; COMPLAINT OF THE PLAINTIFFS
PURSUANT TO 11 U.S.C. SECTION 506(A) AND BANKRUPTCY RULE 3012 TO
DETERMINE THE VALUE OF SECURITY AND CREDITORS' ALLOWED
SECURED;
FRAUD UPON THE COURT;**

**INTRODUCTION**

This is complaint brought by the Plaintiff pursuant to 11 U.S.C. Section 506(a) and Rule

3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the

Defendants in the residential real estate of the Plaintiff and determine the amount of the allowed

secured claim of the Defendants.

**JURISDICTION**

1

1. The Plaintiff alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. The Plaintiff further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

## PARTIES

3. Plaintiffs are chapter 13 co-debtors, husband and wife, who filed a voluntary petition with the Clerk of this Court on July 18, 2017.

4. Based on information and belief, Defendant, Caliber Home Loans, Inc. ("Caliber") is a mortgage loan servicer and acted in this capacity at relevant times as alleged in this complaint.

5. Caliber may be served via its registered agent located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134.

6. Caliber may be served on its CEO, Sanjiv Das, at its headquarters located at 3701 Regent Boulevard, Irving, Texas 75243.

7. Upon information and belief, U.S. Bank Trust, N.A, is a subsidiary of U.S. Bank, N.A., a national banking association formed under the laws of the United States and is authorized thereunder to transact the business of banking,

8. U.S. Bank Trust, N.A. may be served on its CEO, Andrew J. Cecere, President, CEO and Director at its headquarters located at 300 East Delaware Drive, Wilmington, Delaware

19801.

9.  Upon information and belief, Defendant, U.S. Bank Trust, N.A., acts as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), which is believed to be a securitized trust or a hedge fund.

## BACKGROUND AND RELEVANT FACTS

10. Beginning in 2004, Plaintiffs procured a loan and mortgage for a certain single-family house located at 98 Round Hill Road, Florida, New York, 10921 (the "Premises").

11. The original loan, note securing the loan and mortgage, were executed on December 15, 2004, for $200,000 (two hundred thousand dollars) between Wilmington Financial, a division of AIG and the Plaintiffs.

12. A series of assignments and transferred ensued but these differ depending on which sworn theory and underlying documents one relies upon as the differ between, the State Court Foreclosure Action, Proof of Claim 5-1 in the underlying Bankruptcy action, Proof of Claim 5-2 in the underlying Bankruptcy action, Proof of Claim 5-3 in the underlying Bankruptcy action, and the land records as filed with the Clerk of the County in Orange County, New York.

## THE STATE COURT ACTION

13. DLJ Mortgage Capital, as Plaintiff, filed a New York State foreclosure action in Orange County (the "State Action") against the Debtors, Mr. and Mrs. Paterno s Defendants, on **June 24, 2015**, docket number 2015 /004764, (the "State Complaint").

14. The representations of DLJ Mortgage Capital in the State Action are that it is the secured creditor in possession of the note with a valid chain of assignments.

15. The State Complaint alleges a chain of assignments of the Note and Mortgage for the Premises under pains and penalties of perjury ("Chain of Assignments #1").

3

16. The State Complaint alleges inconsistent theories in Chain of Assignments #1.

17. The Chain of Assignments in the State Court Action alleges that:

a. Wilmington Finance, A Division of AIG Federal Savings Bank ("Wilmington") provided purchase money for the Premises to the Plaintiffs in the amount of $200,000.00 secured by a mortgage (the "Mortgage") and a note (the "Note").

b. Wilmington assigned all rights title and interest in the Mortgage to MorEquity, Inc. ("MorEquity") on **December 22, 2004**.

c. The assignment was duly recorded in the Office of the Clerk in the County of Orange, New York on **June 10, 2005**.

d. MorEquity assigned all rights, title and interest in the Mortgage to Mortgage Electronic Registration Systems ("MERS") on **February 9, 2009**.

e. The assignment was duly recorded in the Office of the Clerk in the County of Orange on **March 9, 2009**.

f. MERS, as nominee for MorEquity assigned all of its right title and interest in the Mortgage to HSBC Bank, USA, N.A. ("HSBC") on **February 20, 2012**.

g. The assignment was duly recorded in the Office of the Clerk in the County of Orange on **March 29, 2012**.

h. HSBC assigned all of its rights, title and interest in the Mortgage to MorEquity on **December 3, 2014**.

i. The assignment was duly recorded in the Office of the Clerk of the County of Orange on **December 11, 2014**.

j. MorEquity assigned all of its rights title and interest in the Mortgage to DLJ Mortgage Capital ("DLJ") on **April 9, 2015**

k. The assignment is to be recorded in the Office of the Clerk of the County of Orange.

l. The Note is the subject of an Affidavit of Lost Note (the "Lost Note Affidavit") signed by Monte Conrad, a Vice President for MorEquity on **January 22, 2015**, nearly *six months prior* to the foreclosure suit filed by DLJ as Plaintiff.

m. The Original Note was claimed in the foreclosure case to have been delivered to DLJ, the Plaintiff in the State Action.

18. The Lost Note Affidavit in the state action, avers the following facts:

a. Beginning in 2004, Plaintiffs procured a loan and mortgage for a certain single-family house located at 98 Round Hill Road, Florida, New York, 10921 (the "Premises").

b. The original loan, note securing the loan and mortgage, were executed on **December 15, 2004**, for $200,000 (two hundred thousand dollars) between Wilmington Financial, a division of AIG and the Plaintiffs.

c. On **June 10, 2005** MorEquity purchased the Mortgage and the Note and Wilmington transferred all right title and interest in the Mortgage and the Note to MorEquity.

d. The Original Note has been lost, misfiled, misplaced or destroyed or is, as of the date of filing of the State Action, unobtainable after diligent search.

e. MorEquity was the alleged owner of the Note when loss of possession occurred.

19. The State Action alleges a chain of assignments (Chain of Assignments #1) that is inconsistent with other sworn representations about the Mortgage and the Note.

20. The Chain of Assignments #1, filed under oath subject to penalty of perjury in the

state court foreclosure action and is inconsistent within itself.

## PROOF OF CLAIM 5-1

21. Defendant Caliber filed a Proof of Claim in the underlying bankruptcy action on **November 7, 2017** (P.O.C. 5-1).

22. The representations of Caliber in the State Action are that it is that U.S. Bank, N.A. is the secured creditor, and that Caliber is its servicer with authority to undertake the filing of P.O.C. 5-1.

23. P.OC. 5-1 alleges a chain of assignments of the Note and Mortgage for the Premises under pains and penalties of perjury.

24. The Chain of Assignments in P.O.C. 5-1 alleges that:

a. Wilmington Finance, A Division of AIG Federal Savings Bank ("Wilmington") provided purchase money for the Premises to the Plaintiffs in the amount of $200,000, secured by the Mortgage and the Note.

b. Wilmington assigned all rights title and interest in the Mortgage to MorEquity on December 22, 2004.

c. The assignment was duly recorded in the Office of the Clerk in the County of Orange, New York on June 10, 2005.

d. MorEquity assigned all rights, title and interest in the Mortgage to MERS on February 9, 2009.

e. The assignment was duly recorded in the Office of the Clerk in the County of Orange on **March 9, 2009**.

f. MERS, as nominee for MorEquity assigned all of its right title and interest in the Mortgage to HSBC on **February 20, 2012**.

6

    g. The assignment was duly recorded in the Office of the Clerk in the County of Orange on **March 29, 2012**.

    h. HSBC assigned all of its rights, title and interest in the Mortgage to MorEquity on **December 3, 2014**.

    i. The assignment was duly recorded in the Office of the Clerk of the County of Orange on **December 11, 2014**.

    j. HSBC assigned all of its rights, title and interest in the Mortgage to MorEquity on **October 8, 2014**.

    k. The assignment was duly recorded on **May 8, 2015**.

    j. MorEquity assigned all of its rights title and interest in the Mortgage to DLJ on **April 6, 2015**.

    l. The assignment was duly recorded on **June 1, 2015**.

    m. DLJ assigned all of its rights, title and interest in the Mortgage to U.S. Bank, on **August 15, 2016**.

    n. Defendants attach a copy of the Note and three separate page allonges to the in P.O.C. 5-1 Note (the P.O.C. 5-1 Allonges").

    o. The P.O.C. 5-1 Allonges:

        1. The first allonge is Pay to the Order of MorEquity, without recourse signed by Don Malayubo, whose title appears as "Designated Signer", and is undated;

        2. the second allonge is Pay to the Order of HSBC, without recourse, signed by Danny W. Gardener, whose title appears as Vice President, and is undated;

        3. the third allonge is Pay to the Order of BLANK without recourse, signed by Beth Ubaldini, whose title appears as "AVP", and is undated.

7

25. P.O.C 5-1 alleges a chain of assignments (Chain of Assignments #2) that is inconsistent with other sworn representations about the Mortgage and the Note.

26. The Chain of Assignments #2 presented to the United States Federal Bankruptcy Court is inconsistent within itself.

27. P.O.C. 5-1 makes no mention of a Lost Note or an Affidavit of Lost Note.

## PROOF OF CLAIM 5-2

28. Defendant Caliber filed an amended Proof of Claim in the underlying bankruptcy action on December 18, 2017 (P.O.C. 5-2).

29. The representations of Caliber in the P.O.C. 5-2 are that it is that U.S. Bank, N.A. is the secured creditor, and that Caliber is its servicer with authority to undertake the filing of P.O.C. 5-2.

30. P.OC. 5-2 alleges a missing Loan Modification Agreement and that the Proof of Claim will be amended to provide the missing loan modification.

31. P.O.C. 5-2 alleges an underlying document that is inconsistent with the allegations made in the State Action or in P.O.C. 5-1.

32. P.O.C. 5-2 makes no mention of a Lost Note or an Affidavit of Lost Note.

## PROOF OF CLAIM 5-3

33. Defendant Caliber filed a further amendment to its Proof of Claim in the underlying bankruptcy action on **January 10, 2018** (P.O.C. 5-3), only after the undersigned counsel for the Debtors informed opposing counsel that his client's proof of claim was inconsistent with the stories told in the state court pleading and the request to inspect the original collateral file was made.

34. The representations of Caliber in P.O.C. 5-3 are that U.S. Bank, N.A. is the

8

secured creditor, and that Caliber is its servicer with authority to undertake the filing of P.O.C. 5-3.

35. P.OC. 5-3 alleges a chain of assignments of the Note under pains and penalties of perjury.

36. The Chain of Assignments in P.O.C. 5-3 ("Chain of Assignments #3) alleges that:

a. In P.O.C. 5-3 there is one allonge: Pay to the Order of BLANK, without recourse, signed by Monte Conrad of MorEquity whose title appears as "Vice President", and is undated (the "P.O.C. 5-3 Allonge"); and

b. contains no underlying document that evidences an assignment from the original note holder Wilmington to MorEquity; and

c. The P.O.C. 5-3 Allonge is inconsistent with the P.O.C. 5-1 Allonges; and

c. Defendants fail to provide documentary support for a transfer that places the Note in their ownership, possession or control in P.O.C. 5-3.

37. For the first time in the Federal Bankruptcy Court, the alleged creditor tells a new story that the Note is the subject of an Affidavit of Lost Note (the "Lost Note Affidavit") signed by Monte Conrad, a Vice President for MorEquity on **January 22, 2015.**

38. The Lost Note Affidavit avers the following facts:

a. Beginning in 2004, Plaintiffs procured a loan and mortgage for a certain single-family house located at 98 Round Hill Road, Florida, New York, 10921 (the "Premises").

b. The original loan, note securing the loan and mortgage, were executed on December 15, 2004, for $200,000 (two hundred thousand dollars) between Wilmington Financial, a division of AIG and the Plaintiffs.

c. On June 10, 2005 MorEquity purchased the Mortgage and the Note and

9

Wilmington transferred all right title and interest in the Mortgage and the Note to MorEquity.

  d. The Original Note has been lost, misfiled, misplaced or destroyed or is, as of the date of filing of the State Action, unobtainable after diligent search.

  e. MorEquity was the owner of the Note when loss of possession occurred.

39. P.O.C 5-3 alleges documentary support for Chain of Assignment #3 with a Note that is inconsistent with other sworn representations about the Mortgage and the Note.

## HISTORY OF ASSIGNMENT VIA PUBLIC LAND RECORDS

40. By way of further background there s yet another story of the chain of transfers told via the public land records. On **February 7, 2002**, Guaranty Residential Lending, Inc. recorded a Satisfaction of Mortgage with respect to a mortgage on Section 7, Block 2, Lot 25 (also the "Property").

41. On **February 7, 2002**, Jon Paterno and Louise Paterno recorded a deed for the Property.

42. On **January 4, 2005**, Wilmington recorded a mortgage on the Property in the amount of $200,000.

43. On **March 11, 2005** MERS recorded a Satisfaction of Mortgage asserting:

 a. on **January 18, 2005**, the mortgage dated **January 16, 2002** made by Jon and Louise Paterno and Guaranty Residential Lending, Inc. in the mount of $167,031.00 was satisfied;

 b. an interim assignment to MERS, recorded on **October 15, 2002**.

44. On **June 10, 2005** Wilmington recorded an assignment of Mortgage to

10

MorEquity.

45.     **On March 9, 2009** MorEquity recorded an assignment of Mortgage to MERS, as Nominee for MorEquity.

46.     On **March 29, 2012** MERS as nominee for MorEquity recorded an assignment of Mortgage to HSBC.

47.     On **December 11, 2014** HSBC recorded an assignment of Mortgage to MoreEquity.

48.     On **May 8, 2015** HSBC recorded an assignment of Mortgage to MorEquity.

49.     On **June 1, 2015** MorEquity recorded an assignment of Mortgage to DLJ.

## ADDITIONAL FACTS AND THE BASE CH 13 CASE

50.     The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on July 18, 2017.

51.     An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code. The Plaintiff are informed and believe and therefore allege that the Defendants received actual notice of the filing of this case and also received a copy of the Plaintiff's proposed Chapter 13 Plan.

52.     On July 31, 2017 the Plaintiff's Chapter 13 Model Plan was filed with this court and served on all pertinent parties. On September 26, 2017, Plaintiff filed his First Amended Chapter 13 plan (hereinafter the "Plan").

53.     Plaintiff owns an investment property, a single-family house located 98 Round Hill Road, Florida, New York 10921 (the "Premises").

11

54. Defendant Caliber Home Loans, Inc. filed a proof of claim on November 7, 2017("P.O.C. 5-1") representing that it is the secured creditor in possession of the note with a valid chain of assignments.

55. Defendant Caliber Home Loans, Inc. filed an amended proof of claim on December 18, 2017("P.O.C. 5-2") representing that it is the secured creditor in possession of the note with a valid chain of assignments.

56. After the undersigned counsel for Debtors requested an inspectionof the original collateral file, Defendant Caliber Home Loans, Inc. filed a second amended proof of claim on January 10, 2018 ("P.O.C. 5-3") representing that it is the secured creditor in possession of the note with a valid chain of assignments.

57. 10.  The Defendants were listed as disputed creditors in Schedule D of Debtor's petition.

58. DLJ Mortgage Capital filed a New York State foreclosure action in Orange County (the "State Action") on June 24, 2015, docket number 2015 – 004764, a copy of the complaint is attached hereto as Exhibit A and incorporated by reference (the "State Complaint").

59. The representations of DLJ Mortgage Capital in the State Action are that it is the secured creditor in possession of the note with a valid chain of assignments.

60. The State Complaint alleges a chain of assignments of the Note and Mortgage for the Premises under pains and penalties of perjury ("Chain of Assignments #1").

61. The State Complaint alleges inconsistent theories in Chain of Assignments #1.

62. Chain of Assignments #1 is inconsistent with the representations made in P.O.C. 5-1, P.O.C. 5-2 and P.O.C. 5-3.

63. Despite Defendants' assertions, the alleged assignments filed under oath with this

12

Court, do not assign obligations under the Note or Mortgage.

64. The Plaintiff through his undersigned attorney arranged to inspect the original wet-ink mortgage note on January 30, 2018 at the Southern District of New York Bankruptcy Courthouse at 355 Main Street, Poughkeepsie, New York 12601.

65. Unlike the representations made to the court in the State Action in Chain of Assignments#1 on June 24, 2015, Defendant Caliber Home Loans presented Plaintiff's counsel with an "Affidavit of Lost Note" dated January 22, 2015. The Lost Note Affidavit indicates that MoreEquity was the last holder of the Note. The Defendants who present themselves as the mortgage creditor in this bankruptcy case - never had possession of the Plaintiff's Note.

66. The Plaintiff avers the Lost Note Affidavit is deficient for purposes of standing and prove only that the Defendants are not secured creditors.

## COUNT I:

### OBJECTION TO PROOF OF CLAIM 5-3
### PLAINTIFF'S COMPLAINT PURSUANT TO 11 U.S.C. SECTION 506(A) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM

67. Plaintiffs adopts and re-avers the allegations from the paragraphs 1-66 as though fully set forth herein.

68. The Plaintiffs object to Proof of Claim 5-3, despite notice and passage of time, the defendants have failed to provide any documentation linking themselves to the underlying promissory note and mortgage that make up the first mortgage lien on the Plaintiffs' property.

69.     The Plaintiffs object to Proof of claim 5-3, because despite notice and passage of time, the Defendants have failed to provide any documentation proving that any money is owed to them by the Plaintiffs.

70.     The Plaintiffs avers that Proof of Claim 5-3 incorrectly identifies US Bank Trust, N.A, as Trustee for LSF9 Master Participation Trust, as a creditor.

71.     The Plaintiffs object to any amounts claimed as owed to Defendants in Proof of Claim 5-3.

72.     The Plaintiffs allege that the Defendant has no valid interest in the Plaintiff's property.

73.     The Plaintiffs allege that the proof of claim should be properly disallowed and expunged.

74.     The Plaintiffs allege that the Defendant lacks standing to assert any claim or lien against the Plaintiff or bankruptcy estate.

75.     The Plaintiffs aver that the Defendants set forth a convoluted chain of title which is contradicted by the history of the state court filings and the documents recorded on the public land records.

76.     The Plaintiffs through counsel examined the underlying collateral file in the presence of opposing counsel and discovered that not only do the Defendants not poossess the riginal note, the file contains a wet ink original "Allonge" evidencing that it is not permanently affixed to the Note and therefore not a proper indorsement.

77.     The Plaintiff alleges that the Court should value the claim at $0.00

## COUNT II:
## FRAUD ON THE COURT

78.     Plaintiff adopts and re-avers the allegations from the paragraphs 1-77 as though fully set forth herein.

14

79. The Assignments of Note ("Chain of Assignments #2") submitted to the Court by way of POC 5-3 contains false documents fabricated by Defendants and /or their agents for the purpose of fooling the court and to entice the court's reliance on a false chain of title.

80. The Defendants committed an overt purposeful act of filing false documents in this federal court of law for the purpose of deceiving the Debtor, the Chapter 13 Trustee, the Creditors, and the Federal Bankruptcy Court. Such an act compromises the integrity of the entire bankruptcy process.

81. US Bank Trust, N.A, as Trustee for LSF9 Master Participation Trust by holding itself out to be a secured creditor when it is not, attempted to financially gain by taking funds from the estate for payment of a debt not owed to it.

82. US Bank Trust, N.A, as Trustee for LSF9 Master Participation Trust acts are morally reprehensible and even criminal in nature.

83. US Bank Trust, N.A, as Trustee for LSF9 Master Participation Trust repeatedly identified itself as a secured creditor when in fact it was never a secured creditor, it never held the Plaintiff's note and never had any rightful claim for money owed to it.

84. US Bank Trust, N.A, as Trustee for LSF9 Master Participation Trust portrayed itself to be a secured creditor when it fact it is not and did so for the purpose of committing a fraud upon this court.

### COUNT III SANCTIONS AND DAMAGES UNDER 11 U.S.C. § 105(A) AS AGAINST DEFENDANT CALIBER HOME LOANS, INC

85. The Plaintiffs repeat, reiterate and re-allege paragraphs 1 through 84 with same force and effect as if fully set forth at length herein.

86. Section 105(a) of the Code provides as follows:

  (a) The court may issue any order, process, or judgment that is necessary or appropriate to

15

carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

87. The Court should impose monetary sanctions against the Defendants under its inherent powers under 11 U.S.C. § 105(a) as a result of the Defendant's egregious conduct and

filing of false fabricated documents with this court and setting forth false statements and faking its status as a secured creditor by posting an image of a note it never actually saw, held or had any ownership interest in.

88. Such insistence by the Defendant on continued filing of false documents in a court of law for the purpose of deceiving the Debtor, the Chapter 13 Trustee, the Creditors, and the Federal Bankruptcy Court should not be allowed.

89. But for the persistence of the undersigned counsel for the Plaintiff to inspect the wet-ink original loan documents, US Bank Trust, N.A, as Trustee for LSF9 Master Participation Trust might have gotten away with the submission of an image of a Note it never held and an assignment it fabricated from whole cloth to create a chain of title it knows to be false and it would have been paid money by hardworking Plaintiffs, over the course of a FIVE (5) year chapter 13 plan.

90. The Plaintiffs implore this Court to make use of its inherent powers and do something to end the continued practices of using false documents and falsely holding itself out to be a holder and secured creditor all the while withholding the truth from the court, the chapter 13 debtor, the chapter 13 trustee and the other creditors.

**WHEREFORE,** Plaintiff prays that the Court grant the relief requested herein and issue a Declaratory Judgment and Order holding

16

(1) the Proof of Claim by Defendants be disallowed and

expunged;

(2) the alleged lien of Defendants on Plaintiff's Premises should be declared void under 11

U.S.C. 506(d);

(3) awarding the Plaintiffs' actual damages, attorneys' fees, costs, expenses and disbursements ;

4) imposing monetary sanctions on Defendants; and

(5) for such other and further relief as to the Court may seem just and proper.

Dated: April 30, 2018

                                                 RESPECTFULLY SUBMITTED,

                                By: */S/ LINDA M. TIRELLI*
                                Linda M. Tirelli, Esq.
                            **Tirelli & Wallshein, LLP**
                                50 Main Street, Suite 405
                       White Plains, NY 10606
                           Ph: (914)732-3222 / Fax (914)517-2696
                             LTirelli@TW-LawGroup.com