**Teitelbaum Law Group, LLC**
*Attorneys for Caliber Home Loans, Inc.,*
*as servicer for U.S. Bank Trust, N.A.*
*as Trustee for LSF9 Master Participation Trust and*
*U.S. Bank Trust, N.A. as Trustee for LSF9*
*Master Participation Trust*
1 Barker Avenue, Third Floor
White Plains, New York 10601
Tel: (914) 437 -7670
Email: jteitelbaum@tblawllp.com
Jay Teitelbaum, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 13
                                                            :
    JON MICHAEL PATERNO and                  :    Case No. 17-36210 (CGM)
    LOUISE REGINA PATERNO,                    :
    a/k/a LOUISE MORRIS,                      :
    a/k/a LOUISE MORRIS PATERNO,              :
                                                            :
                   Debtors. :
------------------------------------------------------------X
JON MICHAEL PATERNO AND                                     :
LOUISE REGINA PATERNO,                                      :    Adv. Proc. No. 18-09021 (CGM)
                                                            :
                   Plaintiffs, :
                                                            :
         Against                                   :
                                                            :
US BANK TRUST, N.A., AS TRUSTEE FOR                         :
LSF9 MASTER PARTICIPATION TRUST                             :
AND CALIBER HOME LOANS, INC.,                               :
                 Defendants. :
------------------------------------------------------------X

**ANSWER OF US BANK TRUST, N.A., AS TRUSTEE FOR**
**LSF9 MASTER PARTICIPATION TRUST AND CALIBER HOME LOANS, INC., AS**
**SERVICER FOR US BANK TRUST, N.A., AS TRUSTEE FOR**
**LSF9 MASTER PARTICIPATION TRUST**

      U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("**U.S. Bank**") and

Caliber Home Loans, Inc., as servicer for U.S. Bank Trust, N.A., as Trustee for LSF9 Master

Participation Trust ("**Caliber**" and together with U.S. Bank, "**Defendants**"), by their undersigned counsel, as and for their answer to the complaint dated April 30, 2018 and filed as Adversary Proceeding No. 18-09021 in the United States Bankruptcy Court for the Southern District of New York (the "**Complaint**"), state:

1. Deny the allegations in paragraph 1 of the Complaint, that this is a core proceeding over which the Bankruptcy Court has jurisdiction and power to render a final judgment and do not consent to the entry of a final judgment by the Bankruptcy Court in this matter.

2. Neither admit nor deny the legal conclusions set forth in paragraph 1 of the Complaint, except admit that the undersigned counsel for Defendants was authorized to and did accept service of the Complaint on behalf of Defendants.

3. Deny knowledge or information as to the allegations in paragraph 3 of the Complaint and therefore deny such allegations and refer to the voluntary petition referenced in such paragraph for the content thereof.

4. Caliber denies the allegations in paragraph 4 of the Complaint, except admits that it has acted as a mortgage loan servicer for U.S. Bank, as Trustee for LSF9 Master Participation Trust in connection with the loan which is the subject of this action.

5. Caliber denies the allegations in paragraph 5 of the Complaint.

6. Caliber denies the allegations in paragraph 6 of the Complaint.

7. U.S. Bank denies the allegations in paragraph 7 of the Complaint, except admits that it is authorized to transact business as a trustee of the LSF9 Master Participation Trust in connection with the loan which is the subject of this action.

8. U.S. Bank denies the allegations in paragraph 8 of the Complaint.

9. U.S. Bank denies the allegations in paragraph 9 of the Complaint.

10. Deny the allegations in paragraph 10 of the Complaint and refer to the documents executed in connection with the loan which is the subject of this action and as may be attached to the proofs of claim filed by Caliber on behalf of U.S. Bank in the above captioned Bankruptcy Case for the content thereof (the "**Loan**").

11. Deny the allegations in paragraph 11 of the Complaint and refer to the documents executed in connection with the Loan for the content thereof.

12. Deny the allegations in paragraph 12 of the Complaint and refer to the documents executed in connection with the Loan.

13. Deny the allegations in paragraph 13 of the Complaint and refer to the State Complaint and all exhibits thereto for the content thereof; and further allege that the State Complaint was not filed by, on behalf of or at the direction of Defendants.

14. Deny the allegations in paragraph 14 of the Complaint and refer to the State Complaint and all exhibits thereto for the content thereof; and further allege that the State Complaint was not filed by, on behalf of or at the direction of Defendants.

15. Deny the allegations in paragraph 15 of the Complaint and refer to the State Complaint and all exhibits thereto for the content thereof; and further allege that the State Complaint was not filed by, on behalf of or at the direction of Defendants.

16. Deny the allegations in paragraph 16 of the Complaint and refer to the State Complaint and all exhibits thereto for the content thereof; and further allege that the State Complaint was not filed by or at the direction of Defendants.

17. Deny the allegations in paragraph 17 (and all subparts thereof) of the Complaint and refer to the State Complaint and all exhibits thereto for the content thereof; and further allege that the State Complaint was not filed by or at the direction of Defendants.

18.     Deny the allegations in paragraph 18 (and all subparts thereof) of the Complaint and refer to the State Complaint and all exhibits thereto for the content thereof; and further allege that the State Complaint was not filed by, on behalf of or at the direction of Defendants.

19.     Deny the allegations in paragraph 19 of the Complaint.

20.     Deny the allegations in paragraph 20 of the Complaint.

21.     Deny the allegations of paragraph 21 of the Complaint, except admit that Caliber authorized a proof of claim, identified as Claim 5-1 to be filed in the above referenced Bankruptcy Case ("**Claim 5-1**"); and further allege that Claim 5-1 was duly amended and supplanted by Claim 5-2 and refer to Claim 5-2 and all exhibits thereto for the content thereof ("**Claim 5-2**"); and further allege that Claim 5-1 and Claim 5-2 were duly amended and supplanted by Claim 5-3 and refer to Claim 5-3 and all exhibits thereto for the content thereof ("**Claim 5-3**").

22.     Deny the allegations in paragraph 22 of the Complaint and refer to Claim 5-1 as amended by Claim 5-2 and Claim 5-3 and all exhibits thereto for the content thereof.

23.     Deny the allegations in paragraph 23 of the Complaint and refer to Claim 5-1 as amended by Claim 5-2 and Claim 5-3 and all exhibits thereto for the content thereof.

24.     Deny the allegations in paragraph 24 (and all subparts thereof) of the Complaint and refer to Claim 5-1 as amended by Claim 5-2 and Claim 5-3 and all exhibits thereto for the content thereof.

25.     Deny the allegations in paragraph 25 of the Complaint.

26.     Deny the allegations in paragraph 26 of the Complaint.

27.     Deny the allegations in paragraph 27 of the Complaint and refer to Claim 5-1 as amended by Claim 5-2 and Claim 5-3 and all exhibits thereto for the content thereof.

28. Deny the allegations of paragraph 28 of the Complaint, except admit that Caliber authorized a proof of claim, identified as Claim 5-2 to be filed in the above referenced Bankruptcy Case to amend Claim 5-1; and further allege that Claim 5-1 was duly amended and supplanted by amended Claim 5-2 and refer to Claim 5-2 and all exhibits thereto for the content thereof; and further allege that Claim 5-1 and Claim 5-2 were duly amended and supplanted by amended Claim 5-3 and refer to Claim 5-3 and all exhibits thereto for the content thereof.

29. Deny the allegations of paragraph 29 of the Complaint and refer to Claim 5-2 and Claim 5-3 and all exhibits thereto for the content thereof.

30. Deny the allegations of paragraph 30 of the Complaint and refer to Claim 5-2 and Claim 5-3 and all exhibits thereto for the content thereof.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations of paragraph 32 of the Complaint and refer to Claim 5-2 and Claim 5-3 and all exhibits thereto for the content thereof.

33. Deny the allegations of paragraph 33 of the Complaint, except admit that Caliber authorized a proof of claim, identified as Claim 5-3 to be filed in the above referenced Bankruptcy Case to amend Claim 5-1 and Claim 5-2, and further allege that Claim 5-1 and Claim 5-2 were duly amended and supplanted by amended Claim 5-3 and refer to Claim 5-3 and all exhibits thereto for the content thereof.

34. Deny the allegations of paragraph 34 of the Complaint and refer to Claim 5-3 and all exhibits thereto for the content thereof.

35. Deny the allegations of paragraph 35 of the Complaint and refer to Claim 5-3 and all exhibits thereto for the content thereof.

36. Deny the allegations of paragraph 36 (and all subparts thereof) of the Complaint and refer to Claim 5-3 and all exhibits thereto for the content thereof.

37. Deny the allegations of paragraph 37 of the Complaint.

38. Deny the allegations of paragraph 38 (and all subparts thereof) of the Complaint and refer to Claim 5-3 and all exhibits thereto for the content thereof.

39. Deny the allegations of paragraph 39 of the Complaint.

40. Deny the allegations of paragraph 40 of the Complaint; deny knowledge or information as to what action Guaranty Residential Lending took or did not take; deny that any such action as alleged in this paragraph was taken by, at the direction of, or on behalf of Defendants; and refer to the official land records for the content and effect of any recorded documents.

41. Deny knowledge or information as to the allegations in paragraph 41 of the Complaint and therefore deny such allegations and refer to the official land records for the content and effect of any recorded documents.

42. Deny knowledge or information as to the allegations in paragraph 42 of the Complaint and therefore deny such allegations; deny that any such action as alleged in this paragraph was taken by, at the direction of, or on behalf of Defendants; and refer to the official land records for the content and effect of any recorded documents.

43. Deny knowledge or information as to the allegations in paragraph 43 of the Complaint and therefore deny such allegations; deny that any such action as alleged in this paragraph was taken by, at the direction of, or on behalf of Defendants; and refer to the official land records for the content and effect of any recorded documents.

44. Deny knowledge or information as to the allegations in paragraph 44 of the Complaint and therefore deny such allegations; deny that any such action as alleged in this paragraph was

taken by, at the direction of, or on behalf of Defendants; and refer to the official land records for the content and effect of any recorded documents.

45. Deny knowledge or information as to the allegations in paragraph 45 of the Complaint and therefore deny such allegations; deny that any such action as alleged in this paragraph was taken by, at the direction of, or on behalf of Defendants; and refer to the official land records for the content and effect of any recorded documents.

46. Deny knowledge or information as to the allegations in paragraph 46 of the Complaint and therefore deny such allegations; deny that any such action as alleged in this paragraph was taken by, at the direction of, or on behalf of Defendants; and refer to the official land records for the content and effect of any recorded documents.

47. Deny knowledge or information as to the allegations in paragraph 47 of the Complaint and therefore deny such allegations; deny that any such action as alleged in this paragraph was taken by, at the direction of, or on behalf of Defendants; and refer to the official land records for the content and effect of any recorded documents.

48. Deny knowledge or information as to the allegations in paragraph 48 of the Complaint and therefore deny such allegations; deny that any such action as alleged in this paragraph was taken by, at the direction of, or on behalf of Defendants; and refer to the official land records for the content and effect of any recorded documents.

49. Deny knowledge or information as to the allegations in paragraph 49 of the Complaint and therefore deny such allegations; deny that any such action as alleged in this paragraph was taken by, at the direction of, or on behalf of Defendants; and refer to the official land records for the content and effect of any recorded documents.

50. Deny the allegations of paragraph 50 of the complaint and refer to the official Bankruptcy Court docket for the content thereof.

51. Deny the allegations of paragraph 51 of the complaint and refer to the official Bankruptcy Court docket for the content thereof.

52. Deny the allegations of paragraph 52 of the complaint and refer to the official Bankruptcy Court docket for the content thereof.

53. Deny the allegations of paragraph 53 of the complaint except admits that Debtors are the owners of the Premises.

54. Deny the allegations of paragraph 54 of the Complaint except admit that Caliber authorized a proof of claim, identified as Claim 5-1 to be filed in the above referenced Bankruptcy Case and refer to Claim 5-1 and all exhibits thereto for the content thereof, and further allege that Claim 5-1 was duly amended and supplanted by Claim 5-2 and refer to Claim 5-2 and all exhibits thereto for the content thereof; and further allege that Claim 5-1 and Claim 5-2 were duly amended and supplanted by Claim 5-3 and refer to Claim 5-3 and all exhibits thereto for the content thereof.

55. Deny the allegations of paragraph 55 of the Complaint except admit that Caliber authorized a proof of claim, identified as Claim 5-1 to be filed in the above referenced Bankruptcy Case and refer to Claim 5-1 and all exhibits thereto for the content thereof; and further allege that Claim 5-1 was duly amended and supplanted by Claim 5-2 and refer to Claim 5-2 and all exhibits thereto for the content thereof; and further allege that Claim 5-1 and Claim 5-2 were duly amended and supplanted by Claim 5-3 and refer to Claim 5-3 and all exhibits thereto for the content thereof.

56. Deny the allegations of paragraph 56 of the Complaint except admit that Caliber authorized a proof of claim, identified as Claim 5-1 to be filed in the above referenced Bankruptcy Case and refer to Claim 5-1 and all exhibits thereto for the content thereof; and further allege that Claim 5-1 was duly amended and supplanted by Claim 5-2 and refer to Claim 5-2 and all exhibits thereto for the content thereof; and further allege that Claim 5-1 and Claim 5-2 were duly amended and supplanted by Claim 5-3 and refer to Claim 5-3 and all exhibits thereto for the content thereof.

57. Deny the allegations of paragraph 57 of the Complaint and refer to Schedule D as filed with this Court for the content thereof.

58. Deny the allegations of paragraph 58 of the Complaint and refer to the State Court Complaint and all exhibits thereto for the content thereof; and further allege that the State Complaint was not filed by, on behalf of or at the direction of Defendants.

59. Deny the allegations of paragraph 59 of the Complaint and refer to the State Court Complaint and all exhibits thereto for the content thereof; and further allege that the State Complaint was not filed by, on behalf of or at the direction of Defendants.

60. Deny the allegations of paragraph 60 of the Complaint and refer to the State Court Complaint and all exhibits thereto for the content thereof; and further allege that the State Complaint was not filed by, on behalf of or at the direction of Defendants.

61. Deny the allegations of paragraph 61 of the Complaint.

62. Deny the allegations of paragraph 62 of the Complaint.

63. Deny the allegations of paragraph 63 of the Complaint.

64. Deny knowledge or information as to the truth of the allegations of paragraph 64 of the Complaint and therefore deny the allegations.

65. Deny the allegations of paragraph 65 of the Complaint.

66. Deny the allegations of paragraph 66 of the Complaint.

67. Repeat and reallege each of paragraphs 1-66 above in response to paragraph 67 of the Complaint.

68. Deny the allegations of paragraph 68 of the Complaint.

69. Deny the allegations of paragraph 69 of the Complaint.

70. Deny the allegations of paragraph 70 of the Complaint and refer to Claim 5-3 for the content thereof.

71. Deny the allegations of paragraph 71 of the Complaint.

72. Deny the allegations of paragraph 72 of the Complaint.

73. Deny the allegations of paragraph 73 of the Complaint.

74. Deny the allegations of paragraph 74 of the Complaint.

75. Deny the allegations of paragraph 75 of the Complaint.

76. Deny the allegations of paragraph 76 of the Complaint.

77. Deny the allegations of paragraph 77 of the Complaint.

78. Repeat and reallege each of paragraphs 1-77 above in response to paragraph 78 of the Complaint.

79. Deny the allegations of paragraph 79 of the Complaint.

80. Deny the allegations of paragraph 80 of the Complaint.

81. Deny the allegations of paragraph 81 of the Complaint.

82. Deny the allegations of paragraph 82 of the Complaint.

83. Deny the allegations of paragraph 83 of the Complaint.

84. Deny the allegations of paragraph 84 of the Complaint.

85. Repeat and reallege each of paragraphs 1-84 above in response to paragraph 85 of the Complaint.

86. In response to paragraph 86 of the Complaint, refer to Bankruptcy Code §105 for the content thereof.

87. Deny the allegations of paragraph 87 of the Complaint.

88. Deny the allegations of paragraph 88 of the Complaint.

89. Deny the allegations of paragraph 89 of the Complaint.

90. Deny the allegations of paragraph 90 of the Complaint.

91. Deny that Plaintiff is entitled to any relief sought in the Wherefore Clauses of the Complaint.

## AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

92. At all relevant times Defendants had the legal right to enforce the note and mortgage as holder and or assignee of the note and mortgage and other loan documents under applicable New York law.

93. Plaintiff's litany of inflammatory and derogatory allegations is not evidence and should be stricken.

94. Plaintiff has not alleged with any specificity as required under Federal Rule of Civil Procedure 9 and/or 11, as incorporated herein by Federal Bankruptcy Rules 7009 and/or 9011, fraud or other conduct by Defendant in support of Counts II and III.

95. Counts I, II and III of the Complaint should be dismissed.

**Wherefore**, Defendants, respectfully request that the Complaint and all claims alleged therein be dismissed with prejudice.

Dated: June 29, 2018                             **TEITELBAUM LAW GROUP, LLC**
                                                 *Attorneys for Caliber Home Loans, Inc.,*
                                                 *as servicer for U.S. Bank Trust, N.A., as*
                                                 *Trustee for LSF9 Master Participation Trust*
                                                 *and U.S. Bank Trust, N.A., as Trustee for*
                                                 *LSF9 Master Participation Trust*

                                                 By: /s Jay Teitelbaum_____
                                                     Jay Teitelbaum, Esq.
                                                     1 Barker Avenue, Third Floor
                                                     White Plains, New York 10601
                                                     Tel: (914) 437-7670
                                                     Email: jteitelbaum@tblawllp.com