Hearing Date: March 5, 2019
Hearing Time: 10:15a.m.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re

JON MICHAEL PATERNO & LOUISE REGINA          **Chapter 13**
PATERNO,                                     **Case No. 17-36210 (CGM)**

Debtors.

-----------------------------------------------------------------X

JON MICHAEL PATERNO & LOUISE REGINA
PATERNO,

Plaintiffs,

                -against-                          **Adv. Pro. No. 18-09021 (CGM)**
                                              **MOTION TO COMPEL**
                                              **AND AWARD SANCTIONS**

US BANK TRUST, N.A, AS TRUSTEE FOR LSF9
MASTER PARTICIPATION TRUST AND
CALIBER HOME LOANS, INC.,

Defendants.

-----------------------------------------------------------------X

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
## AND TO IMPOSE SANCTIONS PER F.R.B.P. 7037

**NOW HERE COMES** Plaintiffs, Jon Michael Paterno and Louise Regina Paterno ("Plaintiffs"),

by and through their attorney, Linda M. Tirelli, Esq., the Tirelli Law Group, LLC, to respectfully

move the Court for an Order compelling Defendant, U.S. Bank Trust, N.A, as Trustee for LSF9,

Master Participation Trust, and Caliber Home Loans, Inc. ("Defendant"), to meaningfully respond

to Plaintiffs' Requests for Production of Documents, to produce witnesses noticed for deposition,

and to award Plaintiffs sanctions for Defendants' contempt of the prior consent pre-trial order

entered by this court.

1

Hearing Date: March 5, 2019
Hearing Time: 10:15a.m.

## **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

1. On August 31, 2018, the undersigned and Defendant's then counsel, Jay Teitelbaum, Esq., submitted a jointly signed Scheduling Order to this Court that set a discovery cut-off date of December 10, 2018 with expectation t would be entered by the court.("**Exhibit A**")  For reasons not known the order was never actually entered, which neither party realized at first.

2. On November 6, 2018 After a couple of discussions and emails, the Plaintiffs served discovery demands including requests for documents ("**Exhibit B**")  and notices of deposition ( "**Exhibit C**") on the Defendant's attorney.

3. At the November 27, 2018, conference held by this Court, the undersigned, along with Mr. Teitelbaum, after taking time to meet and confer, explained that a jointly signed a Scheduling Order had been submitted but not entered.  Counsel further explained that they were in agreement as to a timetable and discovery would proceed with answers to document demands before the end of January and Defendant would provide confirmation within a week of the November 27th conference as to which named parties identified by the Plaintiffs were actually employed by the Defendant or its agents.   Also in attendance at said conference was an attorney from Day Pitney, LLP, Richard Galati, Esq., who appeared on record for the Defendant but  said nothing.

4. Soon after that conference, the undersigned was advised by Mr. Teitelbaum that he had plans to leav for vacation and was waiting on his client to provide the information about which named witnesses were actual employees of the defendant or its agent.  The undersigned also presented a new scheduling order as discussed at the November 27th conference.

5.  After not receiving the information promised and no signature to the scheduling order, the undersigned was advised that Mr. Teitelbaum was no longer Defendant's counsel, and that instead all communications needed to be directed to Day Pitney attorneys, Christina A. Parlapiano and Richard J. Galati, regarding the case, including and especially discovery and document production.  Indeed, the undersigned sent Day Pitney a Scheduling Order for execution and submission.

6.  On January 10, 2019, the undersigned received an email from Richard J. Galati, Jr., Esq., advising that his client had no intention whatsoever of honoring Mr. Teitelbaum's representations regarding the production of documents and proceeding with discovery, and would be moving this Court to order mediation ("**Exhibit D**").

7.  The undersigned voiced her objection to mediation, explaining that it would be an act of negligence to agree to mediation without the benefit of any discovery, as review of key documents, i.e., the alleged Note, purported chain of title, explanations for the fraud alleged in the complaint along with depositions, were necessary to protect her clients.

8.  On January 11, 2018, the undersigned submitted correspondence to this Court, copying same to Day Pitney attorneys, Christina A. Parlapiano and Richard J. Galati, explaining their refusal to sign a Scheduling Order and insistence on meditation, without even turning over one document to Plaintiffs ("**Exhibit E**").  Said correspondence further explained that the undersigned and Defendant's prior counsel, Mr. Teitelbaum, had agreed to discovery, agreed to discovery deadlines, and had even signed a joint Scheduling Order which, only through sheer inadvertence, had not been entered.

9.  Thereafter, the undersigned and defense counsel (Day Pitney) had a meet and confer teleconference at 4:00 p.m. on January 23, 2019, during which, Mr. Galati represented that

he would provide his client's outstanding discovery responses by January 31, 2019, and a second teleconference would be held on February 5, 2019, to discuss the promised forthcoming production ("**Exhibit F**").  The undersigned specifically expressed concern that any responses be by way of actual documents and not blanket objections. **At no time** during that **4:00 p.m**. conference did opposing counsel mention, or even allude to, the fact that by **9:26 a.m. January 25th , less than 36 hours after the meet and confer**, he would be filing a Motion for an Order Directing Mediation and Staying Discovery.

10. The undersigned reached out to Mr. Galati expressing extreme disappointment that misrepresentations were made during the meet and confer the day before.  Mr. Galati assured the undersigned that he would still sere his discovery responses by January 31st.

### DEFENDANT'S DISCOVERY RESPONSES WHOLLY FAIL TO SATISFY THE REQUIREMENTS OF FEDERAL RULE 34

11. On January 31, 2019, opposing counsel, Richard Galati of the Dey Pitney firm,  provided Defendant's so-called discovery responses, a term used very lightly to describe what was actually received by the undersigned (see "**Exhibit G**").

12. The Federal Rules of Civil Procedure were amended on December 1, 2015, and one such rule to be amended was Fed.R.Civ.P. 34, made applicable to bankruptcy cases pursuant to Fed.R.Bankr.P. 7034.

13. The change to Rule 34 was significant.  As astutely noted by Judge Magistrate Andrew J. Peck in Fischer v. Forrest, No. 14-CV-1304 (PAE)(AJP)(S.D.N.Y. Feb. 28, 2017), a party objecting to discovery requests must state grounds with specificity; state whether responsive materials are being withheld and, if so, the basis or bases for said objection; and specific the time for production and, if a rolling production, the time when production will

begin and be concluded.  In other words, all counsel must learn a new trick: objections must be stated with specificity, accompanied by both explanation and support.

14. As a simple glean of Defendant's responses makes clear - **not a single response comports with the requirements of F.R.B.P. 7034!**

15. Whether opposing counsel was not aware that F.R.B.P. 7034 had been amended four years ago, or has simply decided to cut and paste objections from their firm's "form file" canned discovery response list, Defendant's boilerplate responses are wholly inadequate and meaningless.

16. Not only are all of the responses tantamount to boilerplate language and blanket objections, the Defendant cites documents as privileged and confidential without providing a privilege log or filing a Motion for Protective Order.

17. Plaintiffs are in bankruptcy and the fact that they face losing their property in this process cannot be lost.  Defendant is *required by law* to prove their claim and it is axiomatic that cannot be accomplished without producing the requisite supporting documentation. Stonewalling is prejudicial to the Plaintiffs and should not be tolerated by this court.

18. Moreover, opposing counsel indicated a refusal to turn over certain responsive documentation unless the Plaintiffs  signed an authorization – there is absolutely no basis in law or otherwise, and certainly none cited by opposing counsel, which permits the withholding documents until a made-up authorization is procured for the Defendant to turn over its own business records!

Hearing Date: March 5, 2019
Hearing Time: 10:15a.m.

## ARGUMENT

19. The Defendant is stonewalling and discovery is not advancing in violation of the F.R.B.P 7034 which is sanctionable behavior on th part of the Defendant and its attorneys per F.R.B.P. 7037.

20. Plaintiffs are in bankruptcy which is being held up due to the lack of cooperation by the Defendant in the instant adversary case.  New Counsel has the audacity to disregard the promises and agreements of prior counsel and simply refuse all document requests.

21. There is also something to be said about maintain one's integrity, as well as maintaining the integrity of the legal system, professionalism in general.  The undersigned and Defendant's prior counsel agreed to conduct discovery, including both document production and oral examinations, and a jointly signed Scheduling Order was submitted for Entry.  The undersigned relied on those representations.  And, although it may be Defendant's choice to change attorneys, it is not the prerogative of its newly chosen counsel to choose the extent to which they will adhere to the rules of civil procedure; nor should honoring previous agreements, even by prior counsel, be treated as optional.

22. Counsel for Defendant is attempting to take advantage of a jointly-signed Scheduling Order that was submitted but through sheer inadvertence, was not entered.  Defendant should not capitalize on same.

## CONCLUSION

Defendant has wholly failed to comply with its discovery obligations as set forth in the Federal Rules of Bankruptcy Procedure.  And its new counsel is attempting to exploit a filing mistake as well as choosing to renege on agreements made by their predecessor.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that Defendant be

compeled to comly with all document discvery demands and produce all witnesses noticed for deposition.

WHEREFORE, Plaintiffs further request this Court award them sanctions for the costs associated with drafting, editing, filing and attending the hearing on this motion and for such other relief the court deems just and proper.

Respectfully submitted,

This the 1st day of February, 2019.

__/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Tirelli Law Group
50 Main Street
Suite 405
White Plains, N.Y. 10606
Tel:(914) 732-3222 /Fax:(914) 517-2696
LTirelli@TW-Lawgroup.com